No. 2016-1402

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

IN RE APPLE INC.,

*Appellant.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination Control No. 90/012,332

## MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. IN SUPPORT OF APPELLEE AND AFFIRMANCE

VICTORIA F. MAROULIS
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

KATHLEEN M. SULLIVAN
WILLIAM B. ADAMS
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Counsel for Amici Curiae*

August 9, 2016

## GROUNDS FOR MOTION AND RELIEF SOUGHT

Pursuant to Federal Rule of Appellate Procedure 29(b), Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move for leave to file a brief of amici curiae in support of appellee Michelle K. Lee, Director, U.S. Patent and Trademark Office, and in support of affirmance of the order of the Patent Trial and Appeal Board ("PTAB") that affirmed an Examiner's decision to reject all claims of U.S. Patent No. 7,844,915 ("the '915 patent").

## IDENTITY AND INTERESTS OF AMICI

Samsung Electronics Co., Ltd. is the parent company for Samsung's global electronics enterprises.  Samsung Electronics America, Inc. is a U.S.-based, wholly-owned subsidiary of Samsung Electronics Co., Ltd. that delivers a broad range of digital consumer electronics, mobile products and wearables, wireless infrastructure, IT and home appliance products.

Samsung is renowned for its innovations in consumer electronics (ranging from cutting-edge mobile phones and televisions to washing machines and refrigerators) and semi-conductor technology.  Just a few of its recent accolades include: a top-ten ranking in Interbrand's Global Brands; numerous Consumer Electronics Show awards, including more than 100 awards in 2016; and numerous International Forum Design awards, including thirty-eight awards in 2016.

1

In this case, Appellant Apple Inc. has appealed the PTO's rejection of all claims of the '915 patent on *ex parte* reexamination. Samsung has a unique perspective on Apple's appeal because Samsung has spent the last five years defending itself in federal court against Apple's efforts to extract millions of dollars in damages from Samsung for supposed infringement of claim 8 of that patent. To date, Samsung has had to pay Apple more than $113 million in damages over two trials for the infringement of that patent, which a PTO Examiner and the PTAB have found to be wholly invalid, and Samsung has additionally incurred substantial legal fees and costs defending itself against those claims of infringement. Apple's claims have also caused Samsung to divert significant resources, including personnel time that could have been spent developing and promoting new products. That litigation has been a costly absorption of judicial time as well, with two juries already having had to consider claims involving the '915 patent, and a third trial having been stayed earlier this year—over Apple's objection—pending the Supreme Court's review of other aspects of the case.

Samsung owns more U.S. patents than any other company (with more than 63,000 active patents[1]) and thus is acutely aware of the competitive advantages of having initial determinations of patentability stand. But Samsung seeks leave to

---

[1] *See* Joff Wild, *The Biggest US Patent Portfolio is not owned by IBM, but by Samsung Electronics,* IAM Blog (April 11, 2016), *available at* http://www.iam-media.com/blog/Detail.aspx?g=b174a267-c73b-4f99-aa9b-dd4b21f3e217.

submit a brief advocating for a quick, efficient process for *ex parte* reexamination because it believes that the patent system works best when patents asserted in court and against competitors are those that are actually valid.   As explained in Samsung's brief, Apple subverted this process at every turn, pushing forward with its patent-infringement claims against Samsung in litigation, while dragging out the PTO proceedings and thereby creating the untenable situation in which Samsung has been required to pay over $113 million for infringement of a patent that the PTO, with its specialized expertise, has found to be invalid.

Samsung therefore seeks leave to file an amicus brief to provide its unique perspective on Apple's use of the '915 patent in ongoing proceedings.   Like the PTO, Samsung is deeply interested in preventing invalid patents from being asserted and stifling innovation and competition in the technical marketplace.

## THE BRIEF OF AMICI CURIAE WILL AID THE COURT'S CONSIDERATION OF THE PATENT OFFICE'S REJECTION OF THE '915 PATENT

The appeal before this Court relates to a relatively unusual circumstance in which a patent owner has successfully asserted a patent against a competitor in litigation that, during the course of the litigation, a PTO Examiner and the Patent Trial and Appeal Board ("PTAB"), through an *ex parte* reexamination, determined should be canceled as invalid.

Samsung's brief explains Congress's purposes in establishing the *ex parte* reexamination procedure—including Congress's intent to provide a mechanism for quickly and efficient challenging potentially invalid patents, while prioritizing the Patent Office's expertise in assessing patent validity—and how Apple has undermined those purposes at every turn.  While Apple accelerated its federal court litigation at great costs to the parties, the public, and the courts, it repeatedly delayed the very PTO procedure that Congress intended to be an efficient, objective, expert check on the patent system to ensure that only valid patents are asserted.  Apple's subversion of the patent reexamination procedure enabled it to obtain a federal court judgment of more than $113 million against Samsung for the supposed infringement of claim 8 of the '915 patent, which both the Examiner and the PTAB had already ordered cancelled as invalid.  Apple's current appeal urges this Court to facilitate this unjust outcome by disregarding the PTO's expertise in determining that all claims of the '915 patent are invalid and to enable Apple to seek even more damages from Samsung for having allowed consumers to use an obvious input gesture for mobile devices.

Samsung's brief thus offers this Court important context that the parties have not provided in their briefs, and accordingly it will aid this Court's consideration of Apple's appeal.  This Court should exercise its broad discretion to permit Samsung to file a brief as amici curiae.

## **CONCLUSION**

Samsung respectfully requests leave to file the accompanying brief in support of appellee and in support of affirmance.

## **STATEMENT OF CONSENT OR OPPOSITION**

Counsel for Samsung contacted counsel for the parties regarding the filing of its amici curiae brief.  Counsel for Apple stated that Apple does not consent to the brief being filed, thus requiring Samsung to file this motion.  Counsel for appellee stated that appellee does not oppose Samsung's motion for leave to file its amici curiae brief.

Dated:  August 9, 2016

Victoria F. Maroulis
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Respectfully submitted,

/s/ Kathleen M. Sullivan
Kathleen M. Sullivan
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathleensullivan@quinnemanuel.com

## CERTIFICATE OF INTEREST

Counsel for the Amici Curiae certifies the following:

**1.  The full name of every party or amicus represented by me is:**

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

**2.  The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

None.

**3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

Samsung Electronics America, Inc. ("SEA") is a wholly-owned subsidiary of

Samsung Electronics Co., Ltd. ("SEC"), a publicly held corporation organized

under the laws of the Republic of Korea.  SEC is not owned by any parent

corporation and no other publicly held corporation owns 10% or more of its stock.

No other publicly held corporation owns 10% or more of SEA's stock.

**4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:**

QUINN EMANUEL URQUHART & SULLIVAN, LLP: Kathleen M. Sullivan;

Victoria F. Maroulis; William B. Adams.

Respectfully submitted,

Dated:  August 9, 2016                    /s/ Kathleen M. Sullivan
                                          Kathleen M. Sullivan

## **PROOF OF SERVICE**

The undersigned hereby certifies that on August 9, 2016, I electronically filed the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kathleen M. Sullivan
Kathleen M. Sullivan