No. 2016-1402

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

IN RE APPLE INC.,

*Appellant.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination Control No. 90/012,332

**APPELLANT APPLE INC.'S OPPOSITION TO MOTION
FOR LEAVE TO FILE BRIEF OF AMICI CURIAE
SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
AMERICA, INC. IN SUPPORT OF APPELLEE AND AFFIRMANCE**

RACHEL KREVANS
NATHAN B. SABRI
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000

WILLIAM F. LEE
DOMINIC E. MASSA
LAUREN B. FLETCHER
SYDENHAM B. ALEXANDER, III
SARAH R. FRAZIER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

August 16, 2016                                          *Attorneys for Appellant Apple Inc.*

Appellant Apple Inc. respectfully opposes the request of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to file an amicus brief in support of Appellee, Michelle K. Lee, Director, U.S. Patent and Trademark Office ("PTO"). Samsung itself claims to have a direct interest in this particular appeal, is far from an impartial "friend of the Court," and does not even attempt to show that its proposed brief is relevant to the only question presented by this appeal: whether the PTO erred in determining that the claims of U.S. Patent No. 7,844,915 ("the '915 patent") are unpatentable.

As is clear from its numerous, unsubstantiated accusations of "subversion" and "abuse," Samsung does not seek to file its amicus brief as an impartial "friend of the Court" but rather as an adversary of Apple. For this reason alone, Samsung's motion should be denied. *See Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285-286 (1996) (denying request to file an amicus brief where "movants make no pretense at impartiality"); *see also Advanced Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 355, 357 (2006) (listing "the partisanship of the moving entity" among the factors to be considered when evaluating a motion to file an amicus brief).

After Samsung copied the iPhone, Apple sued Samsung for infringement of the '915 patent (and several other patents) in 2011. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846 (N.D. Cal.). At trial, Samsung argued that asserted claim 8 of the '915 patent was invalid because it was anticipated by the same

Nomura reference relied upon in the reexamination. *See Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1003-1004 (Fed. Cir. 2015). A jury rejected Samsung's anticipation arguments based upon Nomura and other prior art, and found that claim 8 of the '915 patent is not invalid. *See id.* at 989, 1003-1004. The jury also found that Samsung infringed claim 8 and awarded damages. *Id.* at 989-990. This Court affirmed that judgment in its entirety with respect to the '915 patent. *See id.* at 1003-1005.

Although that judgment is final, has been paid by Samsung, and will not be affected by this appeal, Samsung claims (incorrectly) to have a stake in the present reexamination based upon the final judgment it has already paid. *See* Samsung Proposed Amicus Br. 9 ("Samsung has expressly reserved its rights to seek reimbursement of damages paid for purported infringement of the '915 patent as a result of the final outcome of the reexam."). In addition, a retrial regarding further damages in the district court litigation has been postponed while the Supreme Court considers Samsung's appeal regarding design patent damages. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846, Dkt. 3472 (N.D. Cal. Mar. 22, 2016). That retrial will involve additional damages for Samsung's infringement of several Apple patents, and could potentially include the '915 patent. Samsung is thus an interested party in this appeal and should be disqualified from participation as an amicus. *See United States v. Michigan*, 940 F.2d 143, 164-165 (6th Cir. 1991) (an

amicus should be "an impartial friend of the court—not an adversary party in interest in the litigation").

Moreover, what is "perhaps [the] most important[]" factor that this Court considers in determining whether to grant leave to file an amicus brief—"the usefulness of information and argument presented by the potential amicus curiae to the court"—weighs heavily against Samsung's motion. *Advanced Sys.*, 69 Fed. Cl. at 357. Samsung claims a generic interest "in preventing invalid patents from being asserted" (Mot. 3), but Samsung's proposed brief **nowhere** addresses the merits of the dispute regarding the patentability of the '915 patent. Samsung offers no arguments of its own regarding claim construction or invalidity of the '915 patent, nor does it provide any information relevant to the disposition of any issue before the Court.[1] Instead, Samsung seeks only to provide the Court with alleged "context" regarding the timeline of the underlying reexamination in an attempt to paint Apple as a bad actor. Mot. 3-4. But the record does not support such allegations, and even the PTO's brief does not suggest that Apple has done

---

[1]  Indeed, Samsung would be hard-pressed to support the PTO's view of the central claim construction dispute at issue in this reexamination appeal. In the district court litigation, Samsung **agreed** with Apple that the plain and ordinary meaning of the "scroll or gesture" limitation refers to "distinguishing between a single input point which is touched on the input display or multiple input points." *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846, Dkt. 1841, Trial Tr. 2899:23-2900:4 (N.D. Cal. Aug. 15, 2012) (Samsung expert witness Stephen Gray); *id.* at 2900:5-9 ("If it is a single input point, it's a scroll operation. If it's multiple input points, we're talking about a gesture[.]").

anything untoward or engaged in any "dilatory conduct" with respect to the reexamination. Indeed, the reexamination proceedings naturally lagged the district court litigation because the reexamination request was not filed by the third-party requester until just two months before the district court trial. And the PTO itself twice sought (and was granted) an extension of time to file its brief in this appeal.[2]

In any event, because "a brief advocating for a quick, efficient process for *ex parte* reexamination" (Mot. 3) does not provide the Court with any information that would be of use in deciding whether in ***this*** reexamination the PTO erred in its interpretation of two claim limitations and subsequent findings of unpatentability, Samsung's motion should be denied. *See Advanced Sys.*, 69 Fed. Cl. at 357 ("Because [movant's] proposed brief does not address issues presently pending before the Court and does not illuminate factors or circumstances which would aid the Court in resolving the matter, the brief will not be considered."); *see also* Fed. R. App. P. 29 (the "matters asserted" in an amicus brief should be "relevant to the disposition of the case").

Finally, the posture of this proceeding—an appeal from an *ex parte* reexamination—also counsels against granting Samsung's motion. While

---

[2] Samsung's accusations that Apple "accelerated" the district court litigation are similarly unavailing. That litigation began more than five years ago, in 2011, and involved two trials and multiple appeals (five of which were filed by Samsung).

Samsung asks to file its brief in order to "explain[] Congress's purpose in establishing the *ex parte* reexamination procedure" (Mot. 4), Samsung ignores that the very same purpose counsels **against** allowing Samsung to participate as an amicus. As this Court has recognized, "[t]he legislative intent [with regard to reexamination proceedings] was to provide specified limits to the participation of third parties, thus adding weight to the purpose of facilitating and expediting the reexamination proceeding, as against the possible advantages of a full inter partes contest." *In re Opprecht*, 868 F.2d 1264, 1265 (Fed. Cir. 1989) (denying a motion to file an amicus brief in a reexamination appeal, where the movant was the defendant in a district court litigation involving the same patent); *see also In re Downhole Prods., Ltd.*, No. 14-1512, Dkt. 31 (Fed. Cir. Oct. 29, 2014) (denying a motion to file an amicus brief, where the movant "was the third-party requester in the underlying ex parte reexamination and [] a defendant in a suit alleging infringement of the same patent"). While "[i]t was expected that third persons would have an interest in the outcome of reexamination[,] the existence of such interest does not change the congressional intent that the proceeding be limited in its *inter partes* attributes." *In re Opprecht*, 868 F.2d at 1265-1266. Samsung's motion should therefore be denied.

## CONCLUSION

The Motion for Leave to File Brief of Amici Curiae Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. in Support of Appellee and Affirmance should be denied.

                                                    Respectfully submitted,

                                                    /s/ William F. Lee

| | |
|---|---|
| RACHEL KREVANS | WILLIAM F. LEE |
| NATHAN B. SABRI | DOMINIC E. MASSA |
| MORRISON & FOERSTER LLP | LAUREN B. FLETCHER |
| 425 Market Street | SYDENHAM B. ALEXANDER, III |
| San Francisco, CA 94105 | SARAH R. FRAZIER |
| (415) 268-7000 | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA 02109 |
| | (617) 526-6000 |
| | |
| | *Attorneys for Appellant Apple Inc.* |

August 16, 2016

## CERTIFICATE OF INTEREST

Counsel for Appellant Apple Inc. certifies the following:

1. The full name of every party or *amicus* represented by us is:

    Apple Inc.

2. The names of the real party in interest represented by us is:

    Not applicable.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    WILMER CUTLER PICKERING HALE AND DORR LLP: Sydenham B. Alexander, III, Lauren B. Fletcher, Sarah R. Frazier, William F. Lee, Dominic E. Massa

    MORRISON & FOERSTER LLP: Brian B. Ho, Richard S.J. Hung, Rachel Krevans, Nathan B. Sabri, Peter J. Yim

Dated: August 16, 2016

/s/ William F. Lee
WILLIAM F. LEE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

# CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of August, 2016 I filed the foregoing Appellant Apple Inc.'s Opposition to Motion of Samsung Electronics Co., Ltd. to File Amicus Curiae Brief in Support of Appellee with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ William F. Lee
WILLIAM F. LEE
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000